## Case No. 4,040.

### DOWELL v. GRISWOLD.

[5 Sawy. 23;[1] 4 Law & Eq. Rep. 517; 10 Chi. Leg. News. 11; 1 San Fran. Law J. 87; 23 Int. Rev. Rec. 403.]

Circuit Court, D. Oregon. Sept. 11, 1877.

#### INTEREST ON VERDICT.

When an action is brought upon an interest-bearing claim, and there is a verdict for the plaintiff, and the defendant delays the giving of judgment by a motion for a new trial or otherwise, the plaintiff is entitled to legal interest on the verdict.

[Cited in Griffith v. Baltimore & O. R. Co., 44 Fed. 585; Gunther v. Liverpool, London & Globe Ins. Co., 10 Fed. 831.]

Action for money had and received to the use of the plaintiff. The plaintiff [B. F. Dowell] brought an action against the defendant [William Griswold] to recover certain sums of money alleged to have been received by the defendant from the treasury of the United States at Washington, to the plaintiff's use. Upon the trial of the action, on May 25, 1877, the plaintiff had a verdict for four thousand dollars. The defendant moved for a new trial, and the district judge, before whom the trial took place, continued the application until Mr. Justice Field should sit in the court. On September 4, the motion for a new trial was denied by Mr. Justice Field, and judgment ordered on the verdict for the plaintiff. The plaintiff now asks interest on the amount of the verdict from the finding of the same until the giving of judgment.

Addison C. Gibbs, for plaintiff.
William H. Effinger, for defendant.

DEADY, District Judge. No authority from the supreme court of the state is cited upon the point, though it is said by counsel to be the practice in some of the circuits to allow interest on verdicts and reports of referees. The New York Code (section 310) provides that in all cases where "the judgment is for the recovery of money, interest from the time of the verdict or report until judgment is finally entered shall be computed by the clerk and added to the costs of the party entitled thereto." Substantially this provision has been in force in that state since 1844, but no similar one is contained in the statutes of this state. Prior to 1844, and in the absence of any statute on the subject, it was uniformly held in New York that when the action was upon an interest-bearing contract

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

and the delay between the verdict and the judgment was caused by the defendant, the plaintiff was entitled to tax interest upon the verdict as a part of the costs. Vredenbergh v. Hallett, 1 Johns. Cas. 27; Williams v. Smith, 2 Caines, 253; People v. Gaine, 1 Johns. 343; Henning v. Van Tyne, 19 Wend. 101; Lord v. Mayor, Etc., of New York, 3 Hill, 426; Bull v. Ketchum, 2 Denio, 189.

Whether the contract or transaction upon which this action is brought is an interest-bearing one or not, depends, I suppose, upon the law of this state. On this subject the statute of Oregon (page 623, § 1) provides, "That the rate of interest in this state shall be ten per centum per annum, and no more, on all moneys, after the same becomes due, on judgments and decrees for the payment of money, on money received to the use of another, and retained beyond a reasonable time without the owner's consent, expressed or implied."

In my judgment, this case falls within the latter provision of this section. This verdict was given for money which in contemplation of law was received by the defendant to the use of the plaintiff, because in equity and good conscience it belonged to the plaintiff, and the defendant took it—received it—with full knowledge of the facts that made it so. This being so, and the delay being caused by the defendant in interposing a motion for a new trial, the plaintiff is entitled to interest on the verdict at the legal rate for the period of three months and a half, which amounts to one hundred and sixteen dollars and sixty-six and two thirds cents.